## ACTION FOR THE LOSS OF A TRAVELING BAG.

Circuit Court of Hamilton County.

### JOHN ZIEGLER v. HORACE M. FREEMAN.

Decided, March 23, 1908.

*Carriers—Liability of a Parcel Carrier—For Failure to Deliver Traveling Bay at Baggage Room—Burden of Proof—Charge of Court.*

In an action to recover for the loss of a traveling bag from a carrier of parcels for hire, to whom it was entrusted to be delivered at a designated depot in time for a particular train, a *prima facie* case is made out by the testimony of the plaintiff that he inquired at the baggage room at the proper time and was unable to find his baggage.

*Ben B. Nelson*, for plaintiff in error.
*Renner & Renner*, contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

A carrier of parcels for hire who agrees to deliver a telescope bag at a railroad passenger station in time for the owner to take a particular train and gives a claim check therefor is required to affix a duplicate check to the baggage and to deliver the same at the baggage-room or other usual place of deposit of baggage at the depot; and in an action to recover for non-delivery, proof by plaintiff that he inquired at the baggage-room of the persons in charge thereof, and at a proper time for his baggage, and was unable to get it, makes a *prima facie* case which entitles him to recover, unless met with evidence of equal weight; but the burden of proof does not shift from the plaintiff to the defendant.

The court therefore erred in charging the jury that the burden of proving delivery rested upon defendant. *Klunk* v. *Ry.*, 74 O. S., 135.

Judgment reversed and cause remanded for a new trial.